IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUDHAKARARAO KAMMA, individually, | ) ) ) |
| Plaintiff, | ) ) 8:07CV57 |
| v. | ) ) ) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Emilio T. Gonzalez, Director, and ATTORNEY GENERAL OF THE UNITED STATES, Alberto R. Gonzales, | ) MEMORANDUM AND ORDER ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) to reconsider this court's previous order dismissing plaintiff's mandamus lawsuit with prejudice, Filing No. 26. The plaintiff wishes to have his case dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff filed this lawsuit requesting mandamus relief, seeking to have this court compel a decision on his application for status adjustment, which had been pending before the immigration services since April 2005. On May 18, 2007, the defendants asked this court to dismiss pursuant to Fed. R. Civ. P. 12(b). Filing No. 18. On June 29, 2007, the plaintiff attempted to voluntarily dismiss. Filing No. 24. The court dismissed the case on July 5, 2007, with prejudice. It is this decision plaintiff wants reconsidered.

Plaintiff first argues the government sent him an email indicating it would not object to the dismissal without prejudice. Filing No. 26, Ex. A. The court has reviewed this exhibit and finds the government did not make any such statement. Thus, the court finds this

argument is without merit.  Second, plaintiff contends that he should have received notice and an opportunity to be heard before the court made a determination to dismiss the case with prejudice, or he should have received an opportunity to withdraw his motion.  *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (district court must give notice to party requesting dismissal without prejudice, if court intends to dismiss with prejudice).  Plaintiff argues that the dismissal with prejudice precludes him from bringing this case in another district, including his personal place of residence.  He believes this is an unfair result, particularly where he did not have the opportunity to present the merits of his claim.  Plaintiff currently wants to give the Federal Bureau of Investigation more time to finish his case, but he wants the opportunity to return to court if such time does not hasten a decision.

The government has filed a response in opposition to plaintiff's motion for reconsideration.  Filing No. 28.  The government argues that it filed the first motion to dismiss, Filing No. 18, requesting the court dismiss the complaint with prejudice.  The government asks this court to find as Judge Richard Kopf has found that 8 U.S.C. § 1252(a)(2)(B) divests this court of subject matter jurisdiction.  *See Yang v. Gonzales*, No. 4:06CV3290 (D. Neb. June 25, 2007); *Narra v. Gonzales*, No. 06cv3289 (D. Neb. July 3, 2007).  However, the court would like to point out to the government that Judge Lyle Strom has reached a different conclusion.  *Li v. Chertoff*, No. 8:07CV50 (D. Neb. July 19, 2007) (motion to dismiss denied and USCIS given 30 days to complete plaintiff's I-485 application).  In addition, Judge Kopf in both *Yang* and *Narra* agrees that other districts have decided this issue differently than he decided it.  Although this court need not decide in the case before it how it might rule, the court notes it is likely to rule in favor of

jurisdiction in these cases. Accordingly, the court finds the government's argument in this regard without merit.

The court agrees with the plaintiff that the merits of this mandamus action were never addressed. Plaintiff did not file a response or have an opportunity to respond to the motion to dismiss filed by the defendant. The court ruled on plaintiff's motion to dismiss, not the government's motion to dismiss, and for all the reasons stated herein, the plaintiff should be permitted to dismiss without prejudice.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Filing No. 26, is granted; and

2. This case is dismissed without prejudice.

DATED this 27th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge